UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOOMERANGIT, INC., | Case No.: 5:12-CV-0920 EJD |
| Plaintiff, | **ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION** |
| v. | |
| ID ARMOR, INC., ET AL., | **(Re: Docket No. 24)** |
| Defendants. | |

Pending before the court is Plaintiff BoomerangIt, Inc.'s ("BoomerangIt") Application for Temporary Restraining Order and Order To Show Cause Re Preliminary Injunction. For the reasons discussed below, the motion is DENIED.

## I.   BACKGROUND

BoomerangIt is a company that provides property protection and recovery services. Holmes Decl. ¶ 2. In 2001, BoomerangIt partnered with the National crime Prevention Council to launch a new identity theft prevention product, the "McGruff ID Armor Identity Protection and Privacy Pack." Id. ¶ 3. This ID Armor pack is a do-it-yourself kit that provided tools to individuals to protect their identity and privacy, including letter forms and directions on how to place fraud alerts on credit reports with major credit bureaus to help prevent others from opening credit in the individual's name. Id. BoomerangIt released a revised version of the ID Armor pack in 2003, the "McGruff ID Armor Identity Theft Prevention and Privacy Pack," which is still on sale today. Id.

BoomerangIt filed for registration of the ID Armor mark with the United States Patent and Trademark Office on September 19, 2001, shortly after the "McGruff ID Armor Identity Protection and Privacy Pack" was released. Id. ¶5, Ex. B. The mark issued on the principal register on August 16, 2005 as Registration No. 2986037, for "personal security services for others, namely, providing, identity protection by securing an individual's credit and debit cards, bank accounts, driver's licenses and social security cards" in International Class 42. Id. Ex. B. The United States Patent and Trademark Office acknowledged BoomerangIt's mark as incontestable under Section 15 of the Trademark Act, 15 U.S.C. § 1065, on September 16, 2011 after five years of continuous use in commerce of the mark after registration. Id. Ex. D.

On February 4, 2009, BoomerangIt granted an exclusive license to ID Armor, LLC ("Licensee"), to use the ID Armor mark. Id. ¶ 8 and Garvey Decl. ¶ 6. Although the license was exclusive, BoomerangIt retained the right to use the ID Armor mark to the extent required to dispose of its remaining inventory of ID Armor products. Holmes Decl. ¶ 8 and Garvey Decl. ¶ 6. While BoomerangIt's ID Armor packs provide information about various steps that a consumer can take to protect his or her own identity Holmes Decl. ¶ 3, Licensee provides automated services that assist consumers with similar identity theft protection steps Garvey Decl. ¶ 2. Licensee offers these services under a guarantee at http://www.idarmor.com. Garvey Decl. ¶ 2, Ex. E.

Defendant ID Armor, Inc. ("Defendant ID Armor") sells a credit card holder designed to help prevent credit card fraud and identity theft. Defendant ID Armor's credit card holder allegedly "provides a physical barrier to shield the Electromagnetic pulses that provide power to the RFID 'smart chip' preventing the chip from powering up" and "provides a physical barrier to block out Radio Frequency Communication with the RFID 'smart chip.'" Sluman Decl. Ex. F. Defendant ID Armor registered http://www.id-armor.net on April 16, 2008 (id. Ex. I) and http://www.id-armor.com on October 27, 2009 (id. Ex. J). Defendant ID Armor initially operated a website accessible through these domain names designed to attract investors in order to market its products. Id. Ex. G.

Case No.: 5:12-CV-0920 EJD
ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION

2

Defendant Ignite Media Solutions, LLC partnered with Defendant ID Armor to promote and sell Defendant ID Armor's identity theft prevention products. Defendant Ignite Media Solutions registered the website http://www.getidarmor.com on August 31, 2011. Id. Ex. K. Defendant ID Armor's original domain names http://www.id-armor.com and http://www.id-armor.net now redirect to http://www.getidarmor.com, and http://www.getidarmor.com now appears to be the primary website for promotion and sales of Defendants' products. Id. ¶ 2. In addition to selling their products over the internet, Defendants are believed to run national television advertisements and take orders over the telephone.

On November 3, 2011, Licensee received a telephone call from a consumer who had gone to Defendants' website and had a question. Garvey Decl. ¶ 7. When the consumer could not find a telephone number on Defendants' website, the consumer called Licensee under the mistaken belief that Licensee was the same entity as Defendant ID Armor. Id. After Licensee informed BoomerangIt of this telephone call, BoomerangIt became aware of Defendants' use of the ID Armor mark as its company name and name of its product. Holmes Decl. ¶ 9.

On November 11, 2011, BoomerangIt's Vice President of Sales and Marketing, Maria Holmes ("Holmes"), spoke with William Roth ("Roth") and James Roth, representatives of Defendant ID Armor. Id. ¶ 10. Holmes informed Defendant ID Armor of the allegedly infringing nature of Defendants' use of the ID Armor mark. Id.  BoomerangIt followed up the telephone call with a letter to Defendant ID Armor on December 23, 2011. Id. ¶ 11. The letter informed Defendant ID Armor of the exclusive license BoomerangIt had with Licensee, but offered to put Defendant ID Armor in touch with Licensee in order to work out an amicable arrangement between the parties regarding use of the ID Armor mark. Id. Defendant ID Armor did not respond to this letter. Id.

Holmes then left voicemails and had three more conversations with Roth after December 23, 2011 in an attempt to resolve the matter. Id. Defendant ID Armor did not agree to cease its infringing use or work out an agreement. Id. Instead, on February 2, 2012, Roth said "sue me" multiple times, as he claimed he had been advised by his attorney in case BoomerangIt asked for a

Case No.: 5:12-CV-0920 EJD
ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION

prompt response, and suggested BoomerangIt call again on February 7 for a response. Id. On February 7, 2012, during Ms. Holmes' final conversation with ID Armor, Inc., Roth said that BoomerangIt wouldn't be receiving a response that day and hung up when Holmes said BoomerangIt could not accept further delays and would have to take legal action. Id.

BoomerangIt sent a cease and desist letter to Defendant ID Armor on February 9, 2012, but Defendant ID Armor did not respond. Id. ¶ 12. On February 23, 2012, BoomerangIt filed the Complaint in this action claiming trademark infringement, false designation of origin, trademark dilution, unfair competition, cybersquatting, and intentional interference with contract on February 23, 2012. Id. ¶ 13. Based on these claims, BoomerangIt seeks a temporary injunction to enjoin Defendants from conducting various commercial activities that BoomerangIt alleges infringe and dilute its trademark ID Armor or that are likely to induce the belief that Defendants' goods are connected with BoomerangIt or its Licensee's business.

## II.   LEGAL STANDARD

The standard for granting a temporary restraining order is the same as the standard for preliminary injunctive relief. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). An injunction will not issue if the moving party merely shows a possibility of some remote future injury or a conjectural or hypothetical injury. Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

## III.   DISCUSSION

"Courts have consistently identified a showing of likely irreparable harm as the single most important prerequisite for the issuance of a preliminary injunction; Plaintiff must make that showing before the other requirement for the issuance of a preliminary injunction need even be considered." Inspection Management Systems, Inc v. Open Door Inspections, Inc., No. 2:09-cv-

Case No.: 5:12-CV-0920 EJD
ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION

4

00023-MCE-GGH, 2009 WL 805813, at *3 (E.D. Cal., Mar. 26, 2009) (citing <u>Dominion Video Satellite, Inc. v. Echostar Satellite Corp.</u>, 356 F.3d 1256, 1260–61 (10th Cir. 2004)); see <u>Caribbean Marine Servs. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").

Previously, the rule for preliminary injunctions in the trademark context was that courts presumed irreparable injury if the moving party showed likelihood of success on the merits. See <u>Brookfield Communs., Inc. v. West Coast Entertainment Corp.</u>, 174 F.3d 1036, 1066 (9th Cir. 1999). Recent precedent, however, has cast doubt on that presumption. Specifically, <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388, 393 (2006) and <u>Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.</u>, 654 F.3d 989, 1000 (9th Cir. 2011) rejected similar presumptions in the patent and copyright contexts. In light of these cases and the Supreme Court's restatement of the standard for issuing a preliminary injunction in <u>Winter</u>, the viability of the presumption of irreparable harm in the trademark context is in question.

The Ninth Circuit has not yet addressed whether irreparable harm can be presumed upon a showing of likelihood of success on a trademark infringement claim. See <u>Flexible Lifeline Systems</u>, 654 F.3d at 997 (finding that the Ninth Circuit's "summary treatment [in <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873 (9th Cir. 2009)] of the presumption without consideration of the effect of <u>eBay</u> and <u>Winter</u> does not constitute an affirmation of the presumption's continued vitality"); see also <u>Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc.</u>, 645 F3d 26, 33 (noting but not resolving the issue); <u>Paulsson Geophysical Services, Inc. v. Sigmar</u>, 529 F3d 303, 313 (5th Cir. 2008) (same).

District courts in this Circuit that have addressed this issue have found that the governing law has changed, and a plaintiff is not granted the presumption of irreparable harm upon a showing

Case No.: 5:12-CV-0920 EJD
ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION

5

of likelihood of success on the merits. CytoSport, Inc. v. Vital Pharmaceuticals, Inc., 617 F. Supp. 2d 1051, 1065 (E.D. Cal. 2009); see Seed Services, Inc. v. Winsor Grain, Inc., No. 1:10–CV–2185 AWI GSA, 2012 WL 1232320, at *4 (E.D. Cal. Apr. 12, 2012) ("[T]he court will not assume the existence of irreparable injury due to a showing of success on the merits."); AFL Telecommunications LLC v. SurplusEQ.com, Inc., No. CV 11–01086–PHX–FJM, 2011 WL 4102214, at *3 (D. Ariz. Sept. 14, 2011) ("Irreparable harm is no longer presumed in a trademark or copyright case upon a showing of a likelihood of success on the merits."); Mortgage Elec. Registration Sys. v. Brosnan, No. C 09–3600 SBA, 2009 WL 3647125, at *8 (N.D. Cal. Sept. 4, 2009) ("[T]he Supreme Court's decision in Winter has effectively eliminated that presumption."); Volkswagen AG v. Verdier Microbus and Camper, Inc., No. C 09-00231 JSW, 2009 WL 928130, at *6 (N.D. Cal. Apr. 3, 2009) ("The standard under Winter requires that [a plaintiff] demonstrate, by the introduction of admissible evidence and with a clear likelihood of success that the harm is real, imminent and significant, not just speculative or potential."). Similarly, this court will not assume the existence of irreparable injury due to a showing of success on the merits.

Thus, to obtain an injunction based on any of its causes of action, BoomerangIt must demonstrate that irreparable harm is real and significant, not speculative or remote. See Winter, 555 U.S. at 22. It must also establish that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Harm is irreparable when it cannot be remedied except through injunctive relief. See Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007).

BoomerangIt argues that it will suffer loss of good will and control over its mark as a result of Defendants' conduct. BoomerangIt also argues that it would be difficult to calculate the amount of lost sales that result from a potential customer finding Defendants' websites rather than Licensee's website. Defendants argue that BoomerangIt has failed to provide any evidence showing irreparable injury is likely to occur and has alleged only speculative harm. Defendants note that they have been using the name ID Armor since 2008, and BoomerangIt has known about

Case No.: 5:12-CV-0920 EJD
ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION

6

that use for over seven months. Defendants argue that BoomerangIt's delay in requesting injunctive relief undercuts its argument that it faces immediate and irreparable harm.

Intangible injuries like loss of goodwill and loss of prospective customers can qualify as irreparable harm. Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir.1991). But "[s]peculative injury does not constitute irreparable injury." Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). In addressing the likelihood of irreparable harm in its motion, BoomerangIt did not cite any evidence or authority to show that the claimed loss of good will is real, imminent, and significant, and not just speculative or potential. Additionally, BoomerangIt did not provide any evidence indicating it is likely to lose sales or that the amount of those lost sales could not be remedied by monetary damages. Instead, the record shows that Defendants have used the mark ID Armor since 2008 (Sluman Decl. Ex. I), and BoomerangIt has not shown any new or imminent harm that BoomerangIt will likely incur as a result of Defendants' continued use of the mark before the court can hear a motion for a preliminary injunction.[1] See Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1377-77 (9th Cir. 1985) ("Where no new harm is imminent, and where no compelling reason is apparent, the district court [is] not required to issue a preliminary injunction against a practice which has continued unchallenged for several years.").

Based on the record currently before the court, BoomerangIt has failed to meet its burden to demonstrate that it is likely to suffer irreparable harm in the absence of a temporary injunction. BoomerangIt's motion for a temporary injunction therefore is DENIED. See Siegel v. Le Pore, 234 F.3d 1163, 1176 (11th Cir. 2000) ("The absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."); Rodriguez ex rel. Rodriguez v. DeBuono, 175 F.3d 227, 233–34 (2d Cir. 1999) ("[T]he moving party must first demonstrate that

---

[1] In its reply brief, Boomerangit has submitted new evidence regarding Defendants having entered and lost Walmart's "Get on the Shelf" contest. The court does not consider this evidence because it was first submitted in a reply brief. See, e.g., Peregrine Semiconductor Corp. v. RF Micro Devices, Inc., No. 12-cv-911–IEG (WMC), 2012 WL 2068728, at *7 (S.D. Cal. June 8, 2012) ("[I]it is not proper for a party to submit new evidence in a reply brief.").

Case No.: 5:12-CV-0920 EJD
ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION

such injury is likely before the other requirements for the issuance of an injunction will be considered.").

### IV.  CONCLUSION

BoomerangIt's motion for a temporary injunction is DENIED.

The parties shall contact Elizabeth Garcia, courtroom deputy to the undersigned, to schedule a telephonic conference with the court to discuss how to proceed regarding the motion for a preliminary injunction.

IT IS SO ORDERED.

Dated: June 21, 2012

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-0920 EJD
ORDER DENYING MOTION FOR A TEMPORARY INJUNCTION

8